UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CHAPTER 11 BANKRUPTCY |
| WORK CONSTRUCTION CO., INC. *DEBTOR* | CASE NO. 07-12344 |
| | SECTION "A" |
| WORK CONSTRUCTION CO., INC. *Plaintiff* | CHAPTER 11 |
| VERSUS | ADVERSARY NUMBER |
| MAGNIFICENT EIGHT, L.L.C. *Defendant* | 09-1032 |

### REASONS FOR DECISION

This matter came before the Court on the Plaintiff's complaint seeking turnover of bankruptcy estate property pursuant to a breach of contract by the Defendant, Magnificent Eight, LLC. The Court has jurisdiction to hear this matter pursuant to *28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 544 and 548.* This matter is a core proceeding pursuant to *28 U.S.C. § 157(b).* After due considerations of the pleadings, affidavits, statements of material facts, related documents, exhibits, and arguments of counsel, the Court makes the following findings of fact and conclusions of law in this matter:

The Plaintiff, Work Construction Company, Inc., (sometimes hereinafter "WCC") executed an AIA Construction Contract (the "Contract") with Defendant Magnificent Eight, LLC (sometimes hereinafter "Mag 8") on or about June 9, 2006 wherein Work Construction

Company, Inc. agreed to construct a condominium project consisting of three (3) buildings known as Place de Marigny on Lot 5A, Square 2, City of Mandeville, St. Tammany Parish, State of Louisiana located at 1924 Lakeshore Drive, Mandeville, Louisiana. (the "Project")

Pursuant to the Contract, Magnificent Eight, LLC was obligated to pay WCC as compensation for construction of the Project an amount of One Million, Nine Hundred-Eleven Thousand, Three Hundred Thirty Four Dollars ($1,911,334.00) for the work necessary to construct the three (3) buildings located on 1924 Lakeshore Drive, Mandeville, Louisiana.

The Project was suspended during construction and work stopped with Magnificent Eight, LLC refusing to pay funds owed on the Project. WCC filed a lien Affidavit into the records of St. Tammany Parish on May 21, 2008, under Instrument No. 1682694, Registry No. 1832834 SHC, in the amount of Forty-Seven Thousand, Five Hundred Twenty-Four and 76/100 ($47,524.76) Dollars, representing the amount WCC contended it was owed by Magnificent Eight, LLC.

The Place de Marigny Project for Magnificent Eight, LLC was not completed by Work Construction Company, Inc. and remains uncompleted as of this writing. AIA Pay Application Numbers 14, 15, and 16 in an amount of $30,477.86 in connection with the Place de Marigny Project were submitted by Work Construction Company, Inc. to representatives of Magnificent Eight, LLC. Pay Application Numbers 14, 15, and 16 in connection with the Place de Marigny Project were never paid by Magnificent Eight, LLC to Work Construction Company, Inc.

LaPorte Plumbing Company was the plumbing subcontractor for the Place de Marigny Project employed by Work Construction Company, Inc. to perform specified plumbing work. LaPorte Plumbing Company performed additional work on the Place de Marigny Project above and beyond the ordinary scope of work required by the Contract. LaPorte Plumbing Company submitted invoices in connection with the ordinary scope of work through AIA Pay Applications for the Place de Marigny Project for which it was never paid. LaPorte Plumbing Company also submitted invoices for additional work beyond the ordinary scope of the Project in an amount of $12,983.49 for which it was never paid.

Work Construction Company and LaPorte Plumbing Company claimed additional amounts for interest due on work performed on the Place de Marigny Project. Under the terms of the Contract, interest accrues on all sums due Works Construction Company thirty days after approval by the Project Architect, Ron Kilcrease. However, Work Construction Company failed to show that the additional amounts claimed were not approved by the Project Architect, Ron Kilcrease. Therefore, summary judgment on this issue is not appropriate.

Summary Judgment is proper when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.[1] The Court must view the evidence introduced and all factual inferences in the light most favorable to the party opposing summary judgment.[2]

---

[1] *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995); Fed. R. Civ. Proc. 56(c); Bankruptcy Rule 7056(c).

[2] *Hightower v. Texas Hospital Ass'n,* 65 F.3d 443, 447 (5th Cir. 1995).

The Court finds that the following amounts are owed by Magnificent Eight, LLC to Work Construction Company, Inc. in accordance with the Contract for the Project:

a) Principal Amount of **$ 30,477.86** in connection with Pay Application Numbers 14, 15 and 16 through the ordinary scope of work contemplated by the Contract;

b) Additional amount of **$12,983.49** in connection with La Porte Plumbing invoices for extra work performed beyond the ordinary scope of work for the Project.

New Orleans, Louisiana, December 9, 2009.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge